UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAUREN BABCHUK, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) CAUSE NO:  1:19-CV-4775 |
| | ) |
| BARNES & THORNBURG, LLP., | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lauren Babchuk ("Babchuk"), by counsel, bring this action against Defendant, Barnes & Thornburg ("Defendant"), and shows as follows:

## OVERVIEW

Babchuk bring this action under, the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.  Plaintiff contends Defendant violated her rights under the ADA. Babchuk also contends that Defendant interfered with her rights and retaliated against her for attempting to exercise her rights in violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 et. seq.

## PARTIES

1.      Babchuk resides in Hamilton County.  Babchuk was an 'eligible employee' as that term is defined by 29 U.S.C. §2611(2).  Moreover, Babchuk, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4) and was disabled as that term is defined by the ADA.

2.      Defendant's office is located in Marion County. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §2611(4).

1

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331

and 42 U.S.C. §12117(a) and 29 U.S.C. §2617(a)(2).

4.       Plaintiff satisfied her obligation to exhaust her administrative remedies by timely

filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"),

receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint

within ninety (90) days of receipt thereof.

5.       As all events pertinent to this lawsuit occurred within the Southern District

of Indiana, venue in this Court is proper.

## FACTS

6.       Defendant hired Babchuk on or about June 5, 2017 as a Jury Consultant.

7.       Babchuk reported to Dr. Dennis Stolle.

8.       Babchuk's performance in 2017 was exemplary.  As a result, she received a

modified employment arrangement bestowing additional compensation on her effective January

1, 2018.

9.       Babchuk informed Jennifer Klinkhamer that she was disabled during her

orientation.  She later disclosed her disability to Dr. Stolle.  She openly shared details about her

condition with other co-workers as well.

10.      Babchuk began experiencing complications associated wither her disability.  She

disclosed the nature of the complications to Dr. Stolle on or about March 25, 2018.

11.      Thereafter, Babchuk and Dr. Stolle engaged in the interactive process, and the

reasonable accommodation of permitting Babchuk to work from home while she dealt with these

complications was agreed upon.

12.     Babchuk's accommodation became known to Ms. Klinkhamer.  In response to this discovery, Ms. Klinkhamer presented Babchuk with an unsolicited leave and absence under Defendant's short-term disability plan, backdated to March 19, 2018.  From March 19, 2018 through April 23, 2018, Babchuk had been billing hours to client.

13.     The short-term disability paperwork sent to Babchuk requested information from her that required her to identify her date of total disability – a claim she had not made.  Babchuk tried to explain that she had been provided a reasonable accommodation, but Ms. Klinkhamer would not discuss this with her.

14.     On April 23, 2018, Defendant began restricting Babchuk's access to its IT system. Babchuk reached out to Dr. Stolle to discuss this issue, and, while he promised to follow up with Human Resources and get back to her, he did not do so.

15.     On May 8, 2018, Defendant revoked Babchuk's accommodation of working from home.  No further interactive process was engaged in by Defendant.

16.     Despite Babchuk's attempts to resolve these issues, the only 'accommodation' offered was a medical leave of absence beginning on or about May 16, 2018.

17.     On June 7, 2018, Babchuk requested FMLA leave.  Defendant denied her request.

18.     On June 11, 2018, Babchuk advised Ms. Klinkhamer that she had contacted the EEOC and that she was requesting both FMLA leave and a continuation of the 'leave accommodation' imposed upon her, to run concurrently.

19.     On June 15, 2018, Defendant terminated Babchuk's employment for the stated reason that she was unable to work.

20.     From June 2017 through late April 2018, Babchuk worked approximately 1,500 hours.  Babchuk was a salaried employee.

21.     Babchuk was harmed by as a result of Defendant's actions.

## LEGAL CLAIMS

## ADA VIOLATIONS

22.     Babchuk hereby incorporates by reference paragraphs one (1) through twenty-one (21) of this Complaint.

22.     Babchuk was treated differently in the terms and conditions of her employment because of her disability in violation of the ADA.  Moreover, Defendant failed to accommodate Babchuk as required by the ADA and failed to engage in the interactive process after her initial accommodation was revoked.

23.     Moreover, Defendant's short-term policy, when forced upon individuals who are qualified individuals with disabilities, serves as a neutral policy that had a disparate impact on ADA qualified individuals.  Moreover, questions asked in the application serve as improper medical inquiries upon ADA qualified individuals.

24.     Defendant created a hostile environment for Babchuk because of her disability. Despite her opposition to these practices, the hostility continued.

25.     Babchuk engaged in protective activity when she contacted the EEOC on or about June 11, 2018.  Defendant terminated her for engaging in this protected activity on or about June 15, 2018.

26.     Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Babchuk under the ADA.

27.     Babchuk suffered harm as a result of Defendant's unlawful conduct.

## FMLA VIOLATIONS

28.     Babchuk hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint.

29.     Babchuk was entitled to leave under the FMLA.  Defendant, through its agents, interfered with and retaliated against Babchuk because of her attempt to exercise these rights under the FMLA.

30.     Defendant's conduct was intentional and/or sufficiently egregious to permit the award of liquidated damages under the FMLA.

31.     Babchuk suffered harm as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Lauren Babchuk, respectfully requests the following:

a)     An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b)     An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c)     An Order awarding Plaintiff punitive and liquidated damages as a penalty for Defendant's intentional, unlawful conduct;

d)     An Order awarding Plaintiff the costs of this action;

e)     An Order awarding Plaintiff his attorneys' fees;

f)     An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g)     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott

5

Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:     (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:     (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff